

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/13/2018

| | | |
|---|---|---|
| In re:<br><br>DANNY HANNA,<br><br>    Debtor. | § § § § § § § | Case No. 17-30338<br><br>Chapter 13 |
| DANNY HANNA and BLACKWOLF SECURITY GROUP, L.L.C.,<br><br>    Plaintiffs,<br><br>v.<br><br>COMPASS BANK d/b/a BBVA COMPASS,<br><br>    Defendant. | § § § § § § § § § § § § § § | Adversary No. 18-03294 |

## MEMORANDUM OPINION
[This Order Relates to Adv. Doc. No. 1]

### I. INTRODUCTION

On October 11, 2018, Danny Hanna, the debtor in the main Chapter 13 case (the "Debtor"), and Blackwolf Security Group, L.L.C. ("Blackwolf") (collectively, the "Plaintiffs") filed suit against Compass Bank d/b/a BBVA Compass ("Compass Bank") alleging causes of action for (1) breach of contract; and (2) violation of the Bank Deposits and Collections chapter of the Uniform Commercial Code (otherwise known as § 4.101 *et seq.* of the Texas Business and Commerce Code). [Adv. Doc. No. 1]. Compass Bank filed a Motion to Dismiss Pursuant to Rule 12(b)(1), (b)(2), (b)(3) & (b)(6) and, in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e) on November 28, 2018 (the "Motion to Dismiss"). [Adv. Doc. No. 8].

The Court has reviewed the complaint and the Motion to Dismiss and has determined that this adversary proceeding should be dismissed pursuant to 28 U.S.C. § 1334(c)(1).[1]

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to § 1334. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [of the Code], or arising in or related to cases under title 11."[2] The pending lawsuit, which is based solely on state law claims, neither arises under nor in the Bankruptcy Code, and therefore is not a core proceeding. The question therefore is whether this suit is "related to" the Debtor's main Chapter 13 case. When determining whether a civil proceeding is "related to" a bankruptcy case, the usual test is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (citations omitted). The Court finds that this adversary proceeding is "related to" the Debtor's main bankruptcy case because the Debtor has an ownership interest in Blackwolf, and this interest could conceivably have an effect on the Debtor's Chapter 13 estate.

## III. PERMISSIVE ABSTENTION

A bankruptcy court has the power to abstain from hearing a dispute under § 1334. A court may permissively abstain from a matter pursuant to § 1334(c)(1), while § 1334(c)(2) mandates abstention in certain proceedings. Abstention under § 1334(c)(2) does not apply here because (1) no party has made a timely motion for the Court to abstain pursuant to § 1334(c)(2);

---

[1] A reference to any section (i.e., §) refers to a section in 28 U.S.C., unless otherwise noted.

[2] District courts may, in turn, refer these proceedings to the bankruptcy judges for that district. 28 U.S.C. § 157(a). In the Southern District of Texas, General Order 2012-6 (entitled General Order of Reference) automatically refers all eligible cases and proceedings to the bankruptcy courts.

and (2) the Court is not aware of any action in state court regarding this matter. Thus, only permissive abstention is relevant here.

Permissive abstention may be raised by the court *sua sponte*. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1207 n.10 (1996); *Genesis Producing Co., L.P. v. Smith Big Oil Corp.*, No. H-13-3342, 2014 WL 3897831, at *3 (S.D. Tex. Aug. 8, 2014). Further, the bankruptcy court "has broad power to abstain whenever appropriate." *In re Wood*, 825 F.2d at 93. Here, this Court chooses to *sua sponte* raise whether it should abstain from adjudicating the dispute at bar.

The factors a court may consider when deciding whether to abstain pursuant to § 1334(c)(1) are:

(1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of applicable law;

(4) the presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) the jurisdictional basis, if any, other than § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likehood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Genesis Producing Co., L.P.*, 2014 WL 3897831, at *3; *McVey v. Johnson (In re SBMC Healthcare, LLC)*, 519 B.R. 172, 190 (Bankr. S.D. Tex. 2014). The Court now examines each of these factors with respect to the dispute at bar.

### IV. APPLICATION OF THE PERMISSIVE ABSTENTION FACTORS TO THE ADVERSARY PROCEEDING AT BAR

1. *The effect or lack thereof on the efficient administration of the estate if the Court recommends abstention.*

This factor supports abstention. This suit deals with noncore issues with a remote connection to the Debtor's main Chapter 13 case. *See Houston Baseball Partners LLC v. Comcast Corp. (In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014). The Debtor has represented in his Schedule B that he has an ownership interest in Blackwolf, but he has also represented in his Schedule I that he draws no salary from this entity. [Main Case Doc. Nos. 24, 34]. Moreover, it is Blackwolf, not the Debtor himself, who has standing to bring claims against Compass Bank;[3] therefore, the only connection that these claims have to the Debtor's main bankruptcy case is that if Blackwolf is successful on one or more of its

---

[3] Even though the Debtor is one of the named Plaintiffs in this adversary proceeding, it is eminently clear that Blackwolf is the sole account owner of the account(s) in dispute, and that it—not the Debtor—is the only one with standing to bring this suit. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.—Dallas 2005, no pet.) (holding that sole owner of limited liability company lacked standing to sue in his individual capacity for injuries to company and stating that "[a]n individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity.") Thus, any claims Blackwolf may have are **not** property of the Debtor's bankruptcy estate, as Blackwolf is not the debtor here. Indeed, in the Debtor's Schedule B, in which he lists several claims against various entities, he does **not** schedule any claim against Compass Bank; hence, by his own admission, his Chapter 13 estate has no claim against Compass Bank. [Main Case Doc. No. 24]. Under all of these circumstances, the Debtor does not have standing to assert these claims, and therefore the dispute is solely between two non-debtor parties.

4

claims, its value might increase. It is not entirely clear to this Court what the value of Blackwolf is.[4] It is clear, however, that the Debtor's proposed plan contains no provision to sell the Debtor's interest in Blackwolf in order to fund the plan payments to the Chapter 13 Trustee; rather, the Debtor proposes to fund these payments through the monthly social security payments that he receives. Under all of these circumstances, this Court finds that the pending lawsuit does not significantly have an effect on the efficient administration of the Debtor's Chapter 13 estate.

2.   *The extent to which state law issues predominate over bankruptcy issues.*

Factor 2 supports abstention because all claims in this suit are state law claims. There are absolutely no claims based upon the Bankruptcy Code that are asserted in this lawsuit. *See id.*; *Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 732 (Bankr. W.D. Tex. 2017).

3.   *The difficult or unsettled nature of applicable law.*

The claims asserted in this adversary proceeding are "garden variety" state law causes of action (i.e., breach of contract and a violation of § 4.101 of the Texas Business and Commerce Code) that a state court can easily adjudicate—and should adjudicate. This factor therefore favors abstention. *See In re SBMC Healthcare, LLC*, 519 B.R. at 191.

4.   *The presence of related proceeding commenced in state court or other nonbankruptcy proceeding.*

This factor is neutral, as the Court is not aware of another related proceeding commenced in state court or some other nonbankruptcy forum.

---

[4] The Court observes that in his Schedule B, the Debtor sets forth on the far right column of page 4 that the value of Blackwolf is "Unknown," but then to the left on the same line, he represents that the value is between $500,000.00 and $2,000,000.00.

5

5.     *The jurisdictional basis, if any, other than § 1334.*

Jurisdiction under § 1334 is the only basis for jurisdiction and, thus, this factor favors abstention. *See id.* at 191; *Lone Star State Bank of W. Tex. v. Waggoner (In re Waggoner Cattle, LLC)*, No. 18-20126-RLJ-11, 2018 WL 6060351, at *5 (Bankr. N.D. Tex. Nov. 19, 2018).

6.     *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.*

Factor 6 favors abstention because the claims asserted are not property of the Debtor's Chapter 13 estate. The only nexus between these claims and the Debtor is that the Debtor has an ownership interest in the party asserting the claims (i.e., Blackwolf)—and, as already noted, these claims are remote with respect to having an impact on the administration of the Debtor's Chapter 13 estate.[5] Thus, the nexus is remote, a circumstance which favors abstention. *See In re SBMC Healthcare, LLC*, 519 B.R. at 191; *ECN Capital (Aviation) Corp. v. Airbus Helicopters SAS (In re CHC Grp. Ltd.)*, No. 16-31854-BJH, 2017 WL 1380514, at *21 (Bankr. N.D. Tex. Mar. 28, 2017).

7.     *The substance rather than the form of an asserted core proceeding.*

Factor 7 supports abstention because the dispute at bar is not a core proceeding. *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. at 216; *In re Dune Energy, Inc.*, 575 B.R. at 732.

8.     *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.*

Factor 8 does not apply, as none of the claims are core proceedings.

---

[5] The Court has already observed that the Debtor's proposed Chapter 13 plan contains no proposal to sell Blackwolf or to pay a salary or dividends to the Debtor so that he can thereafter remit these proceeds to the Chapter 13 Trustee for payment of allowed claims in the main case. [*See* Main Case Doc. No. 25]. Rather, the Debtor proposes to fund his plan payments through receipt of his monthly social security checks. [*See* Main Case Doc. No. 34 at 2, 5 of 6].

9. *The burden on the bankruptcy court's docket.*

It is a burden on this Court's docket to adjudicate solely state law claims between non-debtor parties, particularly when the outcome of that litigation will have such little effect (if at all) on the Debtor's Chapter 13 bankruptcy estate.[6] Therefore, this factor weighs in favor of abstention.

10. *The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.*

There does appear to improper forum shopping here. As already noted, the Debtor is a named plaintiff, and yet he has no standing to pursue claims that clearly belong to Blackwolf. The Debtor, by naming himself as a plaintiff, appears to be doing so in order to bolster his position that this Court, as opposed to a state court, should adjudicate this dispute. This is a dubious strategy that smacks of improper forum shopping. Accordingly, the Court finds that this factor favors abstention. *See In re CHC Grp. Ltd.*, 2017 WL 1380514, at *22.

11. *The existence of a right to a jury trial.*

This factor weighs in favor of abstention because Compass Bank has the right to a jury trial in state court given the causes of action asserted in this adversary proceeding. *See In re Dune Energy, Inc.*, 575 B.R. 716 at 733.

12. *The presence in the proceeding of nondebtor parties.*

This factor favors abstention because Compass Bank and Blackwolf are both non-debtor parties. Moreover, as already noted above, the Debtor has no standing to be a plaintiff, which in turn means that this adversary proceeding involves only non-debtor parties. *See IO AT Tech*

---

[6] As noted in footnote 3, the Debtor, who is a named plaintiff, has no standing to bring the claims, all of which belong to Blackwolf. That is why this Court concludes that the dispute is solely between non-debtor parties and that its outcome will have little effect on the administration of the Debtor's Chapter 13 estate.

7

*Ridge, LP v. Hartford Fire Ins. Co. (In re IO AT Tech Ridge LP)*, No. 17-11540-TMD, 2018 WL 2431640, at *6 (Bankr. W.D. Tex. May 3, 2018).

13.  *Comity.*

Factor 13 weighs in favor of abstention. The adversary proceeding involves "garden variety" state law issues and deference should be given to a state court to decide state law issues under these circumstances. *See In re Dune Energy, Inc.*, 575 B.R. 716 at 733; *In re Special Value Continuation Partners, L.P. v. Jones*, No. 11-3304, 2011 WL 5593058, at *10 (Bankr. S.D. Tex. Nov. 10, 2011).

14.  *The possibility of prejudice to other parties in the action.*

There is no evidence of prejudice to any party and, thus, this factor is not relevant to the Court's consideration.

## V.  CONCLUSION

In sum, 11 of the factors weigh in favor of abstention, none of the factors weigh against abstention, and 3 factors are neutral. Further, case law is clear that this Court has the discretion to give different weight to each of these factors. *In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. at 217 ("More important than the numerical count of factors weighing for and against abstention, the Court must determine which arguments are of greater importance and persuasion."). Here, this Court places substantial weight on factors 2, 7, 10, 11, 12, and 13, all of which (as noted above) weigh in favor of abstention. The Court will therefore abstain from adjudicating this adversary proceeding and, instead, will dismiss this lawsuit.

An order consistent with this Memorandum Opinion will be entered simultaneously on the docket.

Signed on this 13th day of December, 2018.

*[signature]*

Jeff Bohm
United States Bankruptcy Judge